# Kulp *v.* Philadelphia (et al., Appellant).

*Municipalities—Ordinance—Appropriation for opera company.*

A municipality has no power to appropriate public money for the benefit of a private corporation producing operas, where such company does not contract to give any performances, where the city has no voice in the management, no participation in profits, and reserves no right of audit.

Argued November 29, 1927.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 300, Jan. T., 1927, by defendant, Phila. Civic Opera Co., from decree of C. P. No. 4, Phila. Co., Dec. T., 1925, No. 10141, awarding injunction, in case of Wilhelmina F. Kulp, a taxpayer, v. Philadelphia, W. Freeland Kendrick, Mayor, Harry A. Mackey, Treasurer, Will B. Hadley, Comptroller, and Philadelphia Civic Opera Co., a corporation; Lillian M. Tracy, President; Edward Loeb, Secretary; W. A. Bruckheiser, Treasurer, its officers and agent.    Affirmed.

Bill for injunction to restrain the paying out of public monies.    Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

Injunction decreed.    Defendant Phila. Civic Opera Co. appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Owen J. Roberts,* with him *Henry M. Tracy,* for Philadelphia Civic Opera Co., appellant.—The Act of March 11, 1789, is in full force and grants to the council full authority to do what it has done by the ordinance of January 16, 1926: Phila. v. Brabender, 201 Pa. 574; Boehm v. Phila., 23 Pa. Dist. R. 239; Phila. Jitney Assn. v. Blankenburg, 24 Pa. Dist. R. 1000.

Article IX, section 7, of the Constitution is not applicable to the situation in view of the Act of March 11, 1789: Com. v. Walton, 182 Pa. 373.

If the Act of March 11, 1789, were not applicable, the ordinance does not violate article IX, section 7, of the Constitution: Com. v. Walton, 182 Pa. 373; Com. v. Barker, 211 Pa. 610; Morton v. Phila., 4 Pa. Dist. R. 523.

The fact that the Philadelphia Civic Opera Co. is a private corporation is of no significance.

*Ernest Lowengrund,* Assistant City Solicitor, with him *Joseph P. Gaffney,* City Solicitor, for the City of Philadelphia.

*Robert V. Bolger,* with him *Andrew B. McGinnis, Jr.,* for Philadelphia Music League, amici curiæ.

*Earl G. Harrison* and *David H. Kinley,* for Philadelphia School of Design for Women, amici curiæ.

*Elton J. Buckley,* for appellee.

PER CURIAM, January 3, 1928:

An ordinance of the City of Philadelphia subsidized a private corporation called the Civic Opera Company by an appropriation for its benefit of $25,000; its legality was questioned by a taxpayer's bill on the ground that the city had no charter power to make an appropriation for such a purpose, and on other grounds that need not be particularized. The court below enjoined the city authorities from paying and the beneficiaries of the appropriation from accepting benefits under the ordinance.

The corporation in question produces operas, employs singers and other necessary persons, pays them from available funds, and charges admissions to the performances. The sum appropriated was to be paid in install-

ments, $2,500 for each of ten performances. In the words of the court below: "To the treasury of this private corporation the ordinance would......pay $25,000 ......and [the municipality would] receive no return except some tickets for distribution [by the opera company, under the supervision of its president and the Director of Public Welfare of the city, to the "scholars of the various universities, colleges, public, parochial and other schools," and to "students" of certain musical organizations, located in Philadelphia], necessarily a very small number of people [considering the total population of the city]. The opera company does not contract to give any performance. To be sure, it cannot collect the $2,500 installments unless it gives one [performance for each installment], but it could give none and not be liable for breach of contract. Whether the addition of $25,000 to the treasury of the opera company will leave it with a profit or loss cannot be told. The opera company says it puts back all of its profits into better performances. It is not bound to do so by any contract with the city and no provision is made for participation in the profits by the city or for repayment, if its subsidy results in a favorable balance sheet......The city has no voice in any phase of the management of the business of the said Philadelphia Civic Opera Company......under the aforesaid ordinance," and reserves no right to audit the company's books accounting for the expenditure of the $25,000 appropriated to it.

Considering the history and traditions of our State, it cannot be conceived that the legislature intended this kind of a business arrangement should be undertaken by the City of Philadelphia, or, for that matter, by any Pennsylvania city. The court below concluded, and found as a fact, that the appropriation was not made to sustain a municipal purpose, and that the contract was not of a character which the city council was either directly or impliedly authorized to make; we see no

reason to interfere with these determinations.    While this court has rendered several decisions sustaining appropriations of public funds to private corporations, and to other bodies outside the municipal corporation itself, to carry on public celebrations of historic anniversaries and for other purposes of an established municipal character, research discloses no precedent, either in Pennsylvania or elsewhere, for an appropriation such as the one now before us.

The decree is affirmed at cost of appellant.